IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD PARKS,
      Plaintiff,

vs.                          Case No.:  5:14cv327/WS/EMT

MICHAEL C. OVERSTREET, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this case should be dismissed because Plaintiff has not stated, and cannot state, a plausible § 1983 claim against any Defendant.

I.      BACKGROUND

      Plaintiff is a pre-trial detainee of the Bay County Jail, awaiting trial in two criminal cases pending in the Circuit Court in and for Bay County, Florida, Case Nos. 13001441CF and 14001740CF (doc. 1 at 2, 8, 10, 13).[1]  He names as Defendants Judge Michael C. Overstreet, the state court judge presiding over the criminal proceedings; Albert J. Sauline, III,  Plaintiff's court-appointed counsel in the state criminal proceedings; Glenn Hess, the State Attorney for the 14th Judicial Circuit of Florida; and Alyssa E. Claseman, the assistant state attorney ("ASA") prosecuting him in those matters (*id.* at 1–3).  Plaintiff alleges Judge Overstreet erred by failing to properly

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

address speedy trial issues (*id.* at 7, 10).  He alleges he filed a motion to recuse Judge Overstreet, but Judge Overstreet denied it (*id.*).  Plaintiff alleges Attorney Sauline refused to provide him copies of notices of taking depositions, refused to file a petition for writ of mandamus to obtain discovery documents, and refused to file a demand for speedy trial (*id.* at 7–8).  Plaintiff also alleges Attorney Sauline's representation presents a conflict of interest (*id.* at 8).  He alleges he attempted to raise issues concerning Attorney Sauline's effectiveness in the state criminal proceedings, but Judge Overstreet allegedly would not allow him to be heard (*id.* at 6).  Plaintiff alleges he also presented his complaints in letters to Judge Overstreet, but the judge's assistant advised him that it was inappropriate for the judge to have ex parte communication with him or provide him legal advice (*id.* at 6–7).  Plaintiff alleges Attorney Sauline filed a motion to withdraw, but Judge Overstreet denied the motion (*id.* at 7–8).  He alleges State Attorney Hess and ASA Claseman "willfully, knowingly, and intentionally" violated his Fourteenth Amendment rights to due process and equal protection, and "showed prejudice towards Plaintiff" (*id.* at 11).  Plaintiff states he fears he will not receive a fair trial in state court due to the "judicial bias" of Judge Overstreet and "misconduct" by the State Attorney's office (*id.* at 11–12).  As relief, Plaintiff seeks an injunction prohibiting Judge Overstreet from presiding over the state criminal proceedings, prohibiting the State Attorney's Office for the 14th Judicial Circuit from prosecuting the two criminal cases, and granting a change of venue in both cases (*id.* at 13).

II.    DISCUSSION

        Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

It is apparent from the face of Plaintiff's complaint that the Younger abstention doctrine bars this court from considering Plaintiff's claims. The Supreme Court held in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See* Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971); Hughes v. Attorney Gen. of Fla., 377 F.3d 1258,

1263 (11th Cir. 2004) (citing <u>Younger</u>, 401 U.S. at 45, 53–54).  Plaintiff's conclusory allegations do not establish, or support an inference, that his prosecution is motivated by bad faith.  *See* <u>Carden v. Montana</u>, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."); *see also* <u>Trainor v. Hernandez</u>, 431 U.S. 434, 446–47, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977) (noting that <u>Younger</u> principles counsel against federal court intervention in pending state criminal and civil enforcement proceedings and finding no extraordinary circumstances to justify such intervention in the absence of any suggestion that the pending state enforcement action was brought in bad faith or for the purpose of harassing appellees).

Plaintiff further fails to show that the "irreparable injury" exception applies.  *See* <u>Younger</u>, 401 U.S. at 53–54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (citing <u>Watson v. Buck</u>, 313 U.S. 387, 402, 61 S. Ct. 962, 85 L. Ed. 1416 (1941)); <u>Kugler v. Helfant</u>, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (citing <u>Younger</u>, 401 U.S. at 46).

Moreover, Plaintiff has an adequate state forum in which to raise his claims.  He has a direct appeal in the state court system to present his Fourteenth Amendment claims regarding alleged errors of the trial court and the prosecutor, and he has a state post-conviction forum for presenting his Sixth Amendment claims concerning the constitutionality of defense counsel's representation.

It is apparent from the face of Plaintiff's complaint that the <u>Younger</u> abstention doctrine bars this court from interfering in Plaintiff's state criminal proceedings, and that this case should be dismissed.  Stated otherwise, and unequivocally, the federal district court is not, given the basic

tenets of federalism, available to supervise the state prosecution to which Plaintiff finds himself subject.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."   Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Plaintiff's claims are frivolous and do not—and cannot—state a claim on which relief may be granted, so amendment would clearly be futile. Therefore, the court should dismiss this case without allowing, or encouraging, amendment.[2]

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.	That this cause be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.	The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 4th day of February 2015.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] Indeed, Plaintiff presented substantially the same claims in Parks v. Overstreet, Case No. 5:14cv45/RS/CJK (N.D. Fla. Feb. 18, 2014).  That case was dismissed under Younger.  Id., Order (N.D. Fla. Aug. 8, 2014) (adopting Report and Recommendation recommending dismissal under Younger).

Case No.: 5:14cv327/WS/EMT